IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
Civil Action No.: 3:17-cv-0058

| | |
|---|---|
| MONTEREY BAY-CHARLOTTE, LLC., and ARTHUR RUTENBERG HOMES, INC., <br><br> Plaintiffs, <br><br> v. <br><br> MATTHEW LEWIS; ANGELA LEWIS; PLATTNER CUSTOM BUILDERS, LLC; and JOHN DOE d/b/a DESIGN BOARD PRODUCTIONS, <br><br> Defendants. | COMPLAINT FOR REGISTERED COPYRIGHT INFRINGEMENT <br><br> (JURY DEMANDED) |

NOW COMES the Plaintiffs, MONTEREY BAY – CHARLOTTE, LLC and ARTHUR RUTENBERG HOMES, INC., by and through undersigned counsel, and complaining of Defendants MATTHEW LEWIS, ANGELA LEWIS, PLATTNER CUSTOM BUILDERS, LLC and JOE DOE d/b/a DESIGN BOARD PRODUCTIONS do hereby allege as follows:

## SUMMARY

This is a complaint for infringement of a registered copyright in a floor plan and elevation for a residential home.

## PARTIES AND JURISDICTION

1.   Plaintiff, Arthur Rutenberg Homes, Inc. ("AR Homes") is a Florida corporation with a principal place of business in Clearwater, Florida.

2.   Plaintiff Monterey Bay – Charlotte, LLC ("Monterey Bay") is a North Carolina limited liability company with a principal office in Greensboro, North Carolina.  Monterey Bay is engaged in the business of designing, constructing, marketing, and selling houses.  Monterey Bay is a franchisee of AR Homes and is authorized by AR Homes to bring this copyright infringement against Defendants action on behalf of itself and RH Homes.

3.   Defendant Matthew Lewis is a natural person who resides at 4045 Amber Leigh Way Drive, Charlotte, North Carolina.

4.   Defendant Angela Lewis is a natural person who resides at 4045 Amber Leigh Way Drive, Charlotte, North Carolina.

5.   Defendant Plattner Custom Builders, LLC is a North Carolina limited liability company with a principal office at 525 Greenway Street, Davidson, North Carolina.

6.   On information and belief, Defendant John Doe d/b/a Design Board Productions is located in Charlotte, North Carolina.

7.   This Court has original and exclusive federal question jurisdiction over the copyright claims asserted herein pursuant to 17 U.S.C. § 101 et seq. and 28 U.S.C. §§ 1331 and 1338(a).

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

9. The jurisdictional prerequisite imposed by 17 U.S.C. § 411(a) is satisfied by United States Copyright Registration No. VA 1-765-180 and by United States Copyright Registration No. VA 1-765-177. Copies of the copyright registrations are attached hereto as Exhibits 1 and 2, respectively.

## FACTS

### Background Regarding Plaintiffs

10. AR Homes is one of the largest networks of independently owned and operated homebuilding companies in the United States, with franchised homebuilders throughout Florida, Georgia, North Carolina, Ohio, South Carolina, and Tennessee. AR Homes has engaged in the business of designing, developing, constructing, and selling residential homes since 1952.

11. Monterey Bay is an independently owned and operated AR Homes franchisee that designs, develops, constructs, and sells residential homes based on AR Homes' architectural plans and designs.

12. In the regular course of its business, AR Homes creates original architectural plans for the homes it or its franchisees intends to construct and sell in various communities.

13. The architectural plans created by AR Homes are works of authorship original to AR Homes.

14.     AR Homes typically assigns a unique name to each architectural plan that it creates.

15.     AR Homes routinely registers its architectural plans with the United States Copyright Office and claims a copyright in its technical drawings and architectural works embodied in the technical drawings.

16.     One of the plans developed by AR Homes is entitled the "Asheville."

17.     AR Homes registered its claim of copyright in the technical drawings associated with the Asheville Plans with the United States Copyright Office on March 22, 2011 and it was assigned United States Copyright Registration No. VA 1-765-177 ("the '177 Registration").  (Exhibit 1.)

18.     AR Homes registered its claim of copyright in the architectural work associated with the Asheville Plans with the United States Copyright Office on March 22, 2011 and it was assigned United States Copyright Registration No. VA 1-765-180 ("the '180 Registration").  (Exhibit 2.)  (Exhibits 1 and 2 are collectively referenced herein as "copyrights").  (The registered copyrights in the Asheville plans and any derivative works are hereinafter referenced as "the Asheville Plans").

19.     Monterey Bay is authorized by AR Homes to and does offer the Asheville Plans for construction in North Carolina, including the River Run at Davidson subdivision ("River Run") located in Davidson, North Carolina.

## Background Regarding the Lewis Defendants

20. Matthew Lewis and Angela Lewis (the "Lewis Defendants") expressed an intent to build a home in River Run at Davidson, a residential home subdivision located in Davidson, North Carolina.

21. On or about March 30, 2015, the Lewis Defendants agreed that, in order to build in the River Run development, they were required to use a River Run Charter Builder ("Charter Builder").

22. Monterey Bay is a River Run Charter Builder.

23. The Lewis Defendants, selected the copyrighted Asheville home design ("Asheville Plans") as the basis for the design of their home and the Lewis Defendants paid a $5,000.00 non-refundable design fee to Monterey Bay as a River Run Charter builder to provide "preliminary floor plans" and a "front elevation."

24. On or about March 31, 2015, the Lewis Defendants met with Monterey Bay and instructed Monterey Bay to modify the Asheville Plans to create a custom design based on the Asheville Plans.

25. As instructed, Monterey Bay customized the Asheville Plans for the Lewis Defendants, provided floor plans and elevations based on those customizations, and on or about April 11, 2015, provided a quote to construct the Lewis Defendants' home based on the Asheville Plans.

26. On or about Mary 23, 2015, Monterey Bay, provided a revised quote for construction of the Lewis Defendants' home based on further modifications to the Asheville plans made at the request of the Lewis Defendants.

27. The Lewis Defendants paid no additional fees for the customization done by Monterey Bay to the Asheville Plans beyond the nonrefundable design fee.

28. Monterey Bay did not authorize or grant permission to the Lewis Defendants to use the Asheville Plans as originally configured or as-modified.

29. The Lewis Defendants did not hire Monterey Bay to build their home and did not pay Monterey Bay to modify the Asheville Plans or prepare detailed construction plans.

## Background Regarding Plattner Custom Builders, LLC

30. Upon information and belief, the Lewis Defendants took the Asheville Plans as-modified by Monterey Bay to Defendant Plattner and solicited a bid from Defendant Plattner to build a home derived from the Asheville Plans. The Asheville Plans both originally and as-modified by Monterey Bay were all marked with notice of AR Homes copyrights.

31. Because the plans provide to the Lewis Defendants were marked, Defendant Plattner knew or should have known that the plans on which it was asked to bid were covered by copyrights.

6
Case 3:17-cv-00058-FDW-DSC   Document 1   Filed 02/10/17   Page 6 of 13

32.     At no time did either the Lewis Defendants or Plattner ask either Monterey Bay or AR Home for authority or permission to use the copyrighted plans.

## Background Regarding John Doe d/b/a Design Board Productions

33.     Upon information and belief, Defendant John Doe d/b/a Design Board Productions was hired by Plattner and/or the Lewis Defendants to create technical drawings for a home to be constructed based on the AR Homes' Asheville Plans and the Monterey Bay modification to those Plans.

34.     Defendant John Doe d/b/a Design Board Productions was not authorized to copy, modify, or create any derivative work based on the Asheville Plans.  Defendant John Doe d/b/a/ Design Board Productions either knew, or should have known, that the Asheville Plans were the property of AR Homes and Monterey Bay.

35.     Defendant John Doe d/b/a Design Board Productions copied or caused to be copied the Asheville Plans belonging to AR Homes and/or created or caused to be created derivative works therefrom.

36.     Upon information and belief, the Lewis Defendants hired Defendant Plattner to build or cause to be built a personal residence in River Run at Davidson using the technical drawings created by Defendant John Doe d/b/a Design Board Productions based on the Asheville Plans belonging to AR Homes.

37. Defendant Plattner was not authorized to copy, modify, or create any derivative work, or build any home based on the Asheville Plans belonging to AR Homes. Upon information and belief, Defendant Plattner knew that it was not authorized to build a home based on the Asheville Plans.

38. Upon information and belief, the Lewis Defendants and Defendant Plattner did, willfully and without the knowledge or consent of AR Homes or its franchisee Monterey Bay, build or cause to be built a personal residence in River Run at Davidson using the drawings created by Defendant John Doe d/b/a Design Board Productions based on the Asheville Plans belonging to AR Homes and the modifications made by Monterey Bay.

## COUNT I
## COPYRIGHT INFRINGEMENT
## REPRODUCTION
### (All Defendants)

39. Plaintiffs reallege paragraphs 1 through 38 of this Complaint as if fully set forth herein.

40. AR Homes is the owner of all right, title, and interest in and to the copyrights associated with '177 and '180 Registrations.

41. Monterey Bay is authorized to use the plans created by AR Homes but neither Monterey Bay nor AR Homes authorized any third party to use or create derivative works from the Asheville Plans.

42. Defendants had access to the Asheville floor plans and elevation.

43. Upon information and belief, Defendants jointly and severally copied or caused to be copied Plaintiff AR Rutenberg's "Asheville Plans" and used those Plans in drafting derivative works and further plans and/or constructing the Lewis Defendants' home.

44. Plaintiffs did not authorize Defendants to make copies of the Asheville Plans.

45. Defendants' plans are substantially similar to the Asheville Plans owned by AR Homes.

46. By making and using unauthorized copies of Plaintiff's "Asheville Plans", Defendants have infringed Plaintiff's exclusive right to reproduce Plaintiff's "Asheville Plans".

47. Upon information and belief, Defendants' acts of infringement were done intentionally and in willful disregard of Plaintiff's copyrights.

48. Plaintiffs have been damaged by the conduct of Defendants as described herein and will continue to be so damaged in the absence of relief granted by this Court

49. Plaintiffs are entitled to recover their actual damages together with all profits of the Defendants attributable to the infringement. In the alternative, and their election, Plaintiff are entitled to recover statutory damages together with its attorney's fees under 17 U.S.C. §§ 504 and 505.

## COUNT II
## COPYRIGHT INFRINGEMENT
## DERIVATIVE WORKS
## (All Defendants)

50. Plaintiffs reallege paragraphs 1 through 49 of this Complaint as if fully set forth herein.

51. Defendants redrew or caused to be redrawn the Plaintiff's "Asheville Plans". The redrawn plans are derivative works of Plaintiff's "Asheville Plans."

52. Plaintiffs did not authorize the creation of derivative works based on Plaintiff's copyrighted plan.

53. Defendants have infringed Plaintiffs' exclusive right to make derivative works based on the "Asheville Plans".

54. Plaintiffs have been damaged by the conduct of Defendants as described herein and will continue to be so damaged in the absence of relief granted by this Court

55. Plaintiffs are entitled to recover their actual damages together with all profits of the Defendants attributable to the infringement. In the alternative, and their election, Plaintiff are entitled to recover statutory damages together with its attorney's fees under 17 U.S.C. §§ 504 and 505.

## COUNT III
## COPYRIGHT INFRINGEMENT
## CONSTRUCTION
## (All Defendants)

56. Plaintiffs reallege paragraphs 1 through 55 of this Complaint as if fully set forth herein.

57. Defendants have constructed a home based on Plaintiff's "Asheville Plans", without the permission or consent of Plaintiffs.

58. By constructing a home based on Plaintiff's "Asheville Plans" and the above-referenced derivative plan, these Defendants have infringed Plaintiff's exclusive right to reproduce the home embodied in Plaintiff's copyrighted plan.

59. Plaintiffs have been damaged by the conduct of Defendants as described herein and will continue to be so damaged in the absence of relief granted by this Court.

60. Plaintiffs are entitled to recover their actual damages together with all profits of the Defendants attributable to the infringement. In the alternative, and their election, Plaintiff are entitled to recover statutory damages together with its attorney's fees under 17 U.S.C. §§ 504 and 505.

## COUNT IV
## COPYRIGHT INFRINGEMENT
## MARKETING AND SALE
## (Plattner Custom Builders, LLC)

61. Plaintiffs reallege paragraphs 1 through 60 of this Complaint as if fully set forth herein.

62. Defendant Plattner, without the authorization or consent of Plaintiffs, constructed and sold a home based on Plaintiff's "Asheville Plans".

63. The unauthorized sale of the home based on Plaintiff's copyrighted plan infringed Plaintiffs' exclusive distribution rights in Plaintiff's "Asheville Plans."

64. Plaintiffs have been damaged by the conduct of Defendants as described herein and will continue to be so damaged in the absence of relief granted by this Court.

65. Plaintiffs are entitled to recover their actual damages together with all profits of the Defendants attributable to the infringement. In the alternative, and their election, Plaintiff are entitled to recover statutory damages together with its attorney's fees under 17 U.S.C. §§ 504 and 505.

WHEREFORE, Plaintiffs pray for the following relief:

A. That the Defendants, their agents, servants, employees and attorneys and all those in active concert or participation with them, be permanently and forever enjoined from infringing any United States Copyright Registration owed by Arthur Rutenberg Homes, Inc. including, but not limited to, the '177 Registration and '180 Registration and the Asheville Plans.

B. That the Court order the impounding and destruction of any and all copies of the accused work or any other infringing work of Defendants, including any and all plans, cutsheets, sketches, drafts, plates, patterns, molds, matrices,

masters, tapes, film negatives, computer files or other articles or means by which copies of the same may be reproduced;

    C.    That Plaintiffs be awarded judgment for damages and profits pursuant to 17 U.S.C. §504 against each of the Defendants in an amount to be determined at trial;

    D.    That, in the alternative and at their election, Plaintiffs be awarded statutory damages pursuant to 17 U.S.C. §504 against each Defendant and that same damages in increased due to the willful conduct of Defendants;

    E.    That this Court award any and all relief not here enumerated that this Court should deem just and equitable;

    F.    That Plaintiffs be awarded the costs and attorneys' fees incurred in this action; and

    G.    That all triable issues be brought before a jury.

This the 10th day of February, 2017.

    /s/ Kenneth J. Gumbiner
    Kenneth J. Gumbiner (NCSB 12825)
    Gilbert J. Andia, Jr. (NCSB 16533)
    *Attorneys for Plaintiffs*

OF COUNSEL:

HIGGINS BENJAMIN, PLLC
301 N. Elm Street, Suite 800
Greensboro, NC 27401
Telephone: (336) 273-1600
Fax: (336) 274-4650
Email: kgumbiner@greensborolaw.com
       bandia@greensborolaw.com